**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DINA NOEMI RIVERA-PENATE; FERNANDO JAVIER PORTILLO-RIVERA; KEVIN ANTONIO PORTILLO-RIVERA, | No. 12-73742 |
| Petitioners, | Agency Nos. A094-771-409 A087-766-843 A087-766-844 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[**]
District Judge.

An Immigration Judge ("IJ") denied Petitioner's application—on behalf of

herself and her two sons—for asylum, withholding of removal, and protection from

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

removal under the Convention Against Torture. The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal and then denied her motion for reconsideration of the dismissal. Petitioner timely filed her petition for review only as to the BIA decision denying her motion for reconsideration.

As an initial matter, Petitioner likely waived all timely arguments by focusing solely on the merits of the BIA's underlying dismissal order in her opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). But even absent waiver, we still would deny the petition for review. The BIA correctly found that Petitioner's motion for reconsideration "identified no evidence that was overlooked and no legal argument that demonstrates error" in the dismissal order's conclusion that Petitioner failed to establish the necessary nexus between Escobar's conduct and her membership in the particular social group of "women." The BIA therefore did not abuse its discretion by denying Petitioner's motion for reconsideration. *See* 8 C.F.R. § 1003.2(b)(1).

Further, Petitioner's reliance on *Pereira v. Sessions*, 138 S.Ct. 2105 (2018) is misplaced. *Pereira* is inapplicable to Petitioner's circumstances. Indeed, we recently rejected an argument identical to Petitioner's *Pereira* argument in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**